IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

| | |
|---|---|
| BEVERLY STAYART, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | ) Case No. 09-C-0116 |
| v. | ) |
| | ) |
| YAHOO! INC., a Delaware corporation; | ) |
| | ) |
| OVERTURE SERVICES, INC., d/b/a | ) |
| ALTA VISTA, a Delaware corporation; and | ) |
| | ) |
| VARIOUS, INC., d/b/a FRIENDFINDER.COM, | ) |
| a California Corporation, | ) |
| | ) |
|    Defendants. | ) |
| | ) |

_____

**DEFENDANT YAHOO! INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**
_____

     Plaintiff Beverly Stayart's ("Plaintiff") motion for sanctions against Yahoo!'s counsel levies serious charges. Once Plaintiff's bluster, overexaggeration, and outright misrepresentation are stripped away, however, it is apparent that the core of Plaintiff's objection is that Yahoo!'s lawyers advocated legal positions with which Plaintiff strenuously disagrees. Although such objections may be appropriate for a response to Yahoo!'s motion to dismiss, Plaintiff has provided no justification for a request for sanctions, nor has she adhered to the required practice for making such a request. Plaintiff's motion for sanctions is procedurally barred, lacks substantive merit and is itself sanctionable.

     Rule 11 of the Federal Rules of Civil Procedure requires motions for sanctions to be

served upon opposing counsel at least 21 days prior to filing with the Court.  Plaintiff filed her motion with no notice whatsoever.  To circumvent this clear requirement, Plaintiff alternately suggests her motion is brought pursuant to 28 U.S.C. § 1927, or under the court's inherent power to impose sanctions.  But she repeatedly cites to cases interpreting Rule 11, and even to Plaintiff's counsel's own article on Rule 11.

Substantively, the motion is even more deeply flawed.  Plaintiff falsely characterizes Yahoo!'s counsel as misrepresenting existing law regarding 47 U.S.C. § 230, despite acknowledging that Yahoo! had cited supporting precedent on point, but Plaintiff rejects these decisions as containing flawed reasoning.  Doc. 24 at 11.  For example, Plaintiff condemns Yahoo! counsel for citing a Federal circuit court opinion constituting binding precedent in the jurisdiction where Yahoo! resides because Plaintiff believes it "read[s] restrictive language" into the intellectual property exception of the CDA.  *Id.*  Plaintiff does not allege that Yahoo!'s counsel misrepresents the holding of the case -- she apparently believes sanctions are warranted for Yahoo!'s counsel citing a case contrary to her legal position.  Similarly, she bases misconduct allegations on Yahoo! counsel's purported failure to address legal theories not presented in her own complaint, and on its failure to cite wholly irrelevant non-Wisconsin cases that Plaintiff claims support her Wisconsin common law and statutory claims.  *Id.* at 16-17.

In short, Plaintiff's motion is meritless, and her counsel's pursuit of it is unjustified and unprofessional.  Yahoo! respectfully requests that this Court deny the motion for sanctions and award Yahoo! costs and fees incurred in responding to it.[1]

---

[1] Plaintiff's charges of misconduct are particularly egregious given that her own briefs in response to defendants' motions to dismiss in several instances misrepresent case law and cite authority for propositions on which it is silent or even contradictory.  *See, e.g.,* Doc. 23 at 21 (citing *Warner Bros. Entm't, Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 268 (S.D.N.Y. 2007) for proposition that Lanham Act claim requires only a misrepresentation of sponsorship with regard to any goods or services when case explicitly requires showing of "confusion as to plaintiff's sponsorship or endorsement of defendant's goods or services"); Doc. 23 at 25-26

# ARGUMENT

**I.  Plaintiff's Filing of Her Motion Prior to Service on Yahoo! Counsel Violates Rule 11 of the Federal Rules.**

Rule 11(c)(2) of the Federal Rules of Civil Procedure provides, in pertinent part:

> "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Plaintiff served her motion for sanctions without any notice, contemporaneously with her response to Yahoo!'s motion to dismiss. For this reason alone, Plaintiff's motion must fail. *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) ("Rule 11 cases emerging in the wake of the 1993 amendments have found the 'safe harbor' provision to be an absolute requirement."); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2nd Cir. 1995), *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). "The plain language of Rule 11 specifies that unless a movant has complied with the twenty-one day 'safe harbor' service, the motion for sanctions 'shall not be filed with or presented to the court.'" *Ridder*, 109 F.3d at 296, quoting Fed. R. Civ. P. 11(c)(1)(A) (1993), amended as part of Rule 11(c)(2). In fact, the advisory notes to Rule 11 make clear that "[i]n most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Fed. R. Civ. P. 11, Advisory Committee Notes on 1993 Amendments, Subdivisions (b) and (c). Plaintiff's counsel did not even offer this courtesy.

---

(citing copyright contributory and vicarious liability cases to support her contributory trademark infringement claim when the standards of proof are not comparable). Yahoo!'s counsel handled such overzealous citations in the normal course, by pointing out the flaws in Plaintiff's arguments in its substantive briefing.

Plaintiff's counsel represents himself as an expert on Rule 11 of the Federal Rules of Civil Procedure, citing his own article on the subject,[2] and yet he ignores this fundamental safe harbor element of Rule 11. To avoid the safe harbor, Plaintiff portrays her motion as a request for the Court to employ its "inherent power" to impose sanctions,[3] or alternatively as a motion pursuant to 28 U.S.C. § 1927, while nevertheless invoking Rule 11 jurisprudence in support of her arguments for sanctions. In Paragraph 56 of her motion, in which she provides a host of different and spurious justifications for sanctions, Plaintiff cites for support no fewer than *nine* different cases interpreting Rule 11.[4]

Clearly Plaintiff's motion, no matter the merits of the motion or what she calls it, is a motion for sanctions under Rule 11, and should be treated as such. Because of her counsel's complete failure to follow the basic procedures of Rule 11, her motion should be denied. Further, Rule 11(c)(2) provides, "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Here, where Plaintiff's counsel has egregiously ignored the Federal Rules while forcing both defendants to respond to baseless motions, this provision should be invoked, and Plaintiff's counsel should pay Yahoo!'s

---

[2] Doc. 24 at 3, citing James A. Romanyak and Gregory A. Stayart, "Rules and Procedures: The Advent of Rule 11," ABA TORT & INSURANCE LAW JOURNAL, 438, 449 (Winter 1988).

[3] Although Rule 11 allows the Court to commence sanctions proceedings on its own initiative, *see* Fed. R. Civ. P. 11(c)(3), sanctions including attorney fees and costs may only be imposed on motion by a party; when the court invokes sanctions on its own initiative, the penalty is paid to the court. Fed. R. Civ. P. 11(c)(4); *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 152 (7th Cir. 1996) (where sanctions imposed by judge on own initiative, payment may be directed only to court as penalty).

[4] *See Blackwell v. Dep't of Offender Rehabilitation*, 807 F.2d 914, 915 (11th Cir. 1987); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 103 F.R.D. 124, 128 (N.D. Cal. 1984); *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385, 393 (7th Cir. 1988); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F. 2d 1073, 1083 (7th Cir. 1987); *Brown v. Fed. Of State Medical Bds.*, 830 F.2d 1429, 1436 (7th Cir. 1987); *Ridge v. United States Postal Service*, 154 F.R.D. 182 (N.D. Ill. 1992); *Terminex Int'l Co. v. L.P. Kay*, 150 F.R.D. 532 (E.D. Pa. 1993); *Bay State Towing Co. v. Barge America*, 899 F.2d 129 (1st Cir. 1990); *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986).

reasonable attorney's fees and costs.

## II. Even if Treated as a Procedurally Valid Motion, Plaintiff's Motion is Both Meritless and False.

Substantively, Plaintiff's motion fares even worse than it does procedurally. Plaintiff's claims boil down to arguments that Yahoo! misrepresented the law in arguing that the intellectual property exception to the Communications Decency Act ("CDA"), 47 U.S.C. § 230(d)(2), did not apply to her claims and that her claims failed as a matter of law. The bulk of her arguments, and the clear source of her objection, is the sufficiency of Yahoo!'s arguments, not whether Yahoo! counsel engaged in intentional misconduct. Not only does Plaintiff fail to establish bad faith as required pursuant to 28 U.S.C. § 1927,[5] under which she purports to bring her motion, she fails to allege any misconduct at all. As shown below, her allegations are entirely meritless, and often blatantly false.

### A. The Intellectual Property Exception.

Plaintiff argues that her interpretation of the CDA's intellectual property exception is right and that Yahoo!'s is wrong, but her legal conclusions hold no weight in the context of a sanctions motion. For example, Plaintiff argues that "[a]ll of Plantiff's claims in this lawsuit are <u>intellectual property</u> claims which Messrs. Genetski and Tonisson go to considerable effort to hide from this Court!" Doc. 24 at 10 (emphasis in original). Plaintiff's allegation contains a legal conclusion, the soundness of which is directly at issue in Yahoo!'s motion to dismiss, and an absurd mischaracterization, as Yahoo! explicitly referenced the intellectual property exception in its motion while arguing against its applicability.[6]

---

[5] Sanctions under § 1927 should be imposed "only in instances of a serious and studied disregard for the orderly processes of justice," *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968), upon a showing that counsel has "acted in an 'objectively unreasonable manner.'" *Jolly Group, Ltd. V. Medline Indus.*, 435 F.3d 717, 720 (7th Cir. 2006), quoting *Pacific Dunlop Holdings v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994).

[6] Doc. 13 at 8. Plaintiff objects that Yahoo! counsel "fail[s] to <u>quote</u> from the statutory language

Next, Plaintiff alleges that Yahoo! counsel fails to define an "intellectual property" claim, or to explain which of her claims are "intellectual property" claims. Doc. 24 at 10. Yet, Plaintiff admits, in her response to Yahoo!'s motion, that "[t]he words "intellectual property" are not defined in Section 230 of the Communications Act [sic]." Doc. 23 at 8. Yahoo! states its position in its motion, founded in case law, that in fact *none* of Plaintiff's claims sound in intellectual property. Doc. 13 at 8.

Plaintiff's allegations do not arise from any failure by Yahoo! counsel to address these issues, or to provide case law to support its positions. Instead, they arise from Plaintiff's belief that the cases Yahoo! cites are *wrongly decided*. She rejects the Ninth Circuit's *Perfect 10* decision, which held that "permitting the reach of any particular state's definition of intellectual property to dictate the contours of this federal immunity would be contrary to Congress's expressed goal of insulating the development of the Internet from various state-law regimes." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1108 (9th Cir. 2007). But her rejection amounts to nothing more than an argument that the holding "contains a fatal flaw"; she does not, and cannot, contest that the decision remains good law.[7] She also falsely labels as *dicta* a federal court decision rejecting the plaintiff's argument that Lanham Act false endorsement claims override CDA immunity.[8]

Her final allegation regarding the intellectual property exception is that Yahoo! failed to

---

of Section 230," but Yahoo! paraphrases the exact section she quotes. Any argument that statutory provisions must be quoted verbatim in briefs, not cited and paraphrased, is beyond frivolous.

[7] Doc. 24 at 11. In contrast, Plaintiff's counsel repeatedly cites to cases in the response to Yahoo!'s motion to dismiss that do not in any way support his allegations, and in some instances directly contradict them. *See* Doc. 34 at 9, 13.

[8] Doc. 24 at 11; *Kruska v. Perverted Justice Foundation, Inc.*, 2008 WL 2705377 (D. Ariz. 2008). Plaintiff's argument that the *Kruska* plaintiff "never presented a Lanham Act claim" is a red herring, as the court construed one of the plaintiff's generic claims as a Lanham Act false endorsement claim based on her quoting from Section 43(a) in briefing.

cite decisions she considers "contrary holdings" from courts outside of the Seventh Circuit. Doc. 24 at 11-12. In fact, both the Wisconsin Rules of Professional Conduct[9] and the Restatement (Third) of the Law Governing Lawyers provide that attorneys are obligated to disclose legal authority within *the controlling jurisdiction*.[10] None of the cases Plaintiff cites are legal authority within the Seventh Circuit, and indeed, Yahoo! cites the only case that represents controlling authority in the jurisdiction where it resides. In the hierarchy of non-binding precedent,[11] the Ninth Circuit case is a more appropriate standard than the District of New Hampshire case that Plaintiff spends five pages of her motion quoting.[12]

### B. The Insufficiency of Plaintiff's Claim as a Matter of Law.

Plaintiff's arguments that Yahoo! misstates the law governing the sufficiency of her claims are equally meritless. First, she argues that Yahoo! counsel misrepresented that Plaintiff must show use of her name in Yahoo!'s goods and services to state a false endorsement claim. This argument is not only an improper basis on which to seek sanctions, it misstates the underlying law. In fact, as plainly described in Yahoo!'s brief, this requirement appears *directly in the statute*. 15 U.S.C. § 1125(a)(1)(A) provides that a person who uses a name in commerce in a way likely to cause confusion "as to the origin, sponsorship, or approval of *his or her goods, services, or commercial activities* by another person" shall be liable in a civil action. (emphasis

---

[9] Local Rule 83.10 provides that Wisconsin Rules of Professional Conduct control in this court.

[10] *See* Wisc. SCR 20:3:3(2); Rest. (Third) of the Law Governing Lawyers § 111. "In a federal district court, for example, a decision of another district court or of the court of appeals from another circuit would not ordinarily be considered authority from the controlling jurisdiction by the sitting tribunal." *Id.*, § 111, cmt. (d).

[11] *See, generally, Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987) ("we give most respectful consideration to the decisions of the other courts of appeals and follow them whenever we can").

[12] Doc. 24 at 12-16; *Doe v. FriendFinder Network, Inc.*, 540 F. Supp. 2d 288 (D.N.H. 2008).

added).[13]

Plaintiff further argues that Yahoo! counsel failed to address the use of her name as a "competitive keyword phrase," as well as the doctrine of contributory infringement. Neither of these theories, however, was presented on the face of Plaintiff's complaint. Yahoo!'s 12(b)(6) motion, of course, argued that the allegations in the Complaint were insufficient to state a claim. Plaintiff presented these alternate theories for the first time in her response filed simultaneously with her procedurally premature motion for sanctions. Leaving aside the viability of these arguments, which Yahoo! addresses separately in its reply supporting its motion to dismiss, Yahoo! could not have anticipated a need to respond to these arguments when they were not raised or pled in any way in the complaint itself.

Finally, in alleging that a Wisconsin state law right of publicity claim does not require a showing that the plaintiff's name has commercial value, Plaintiff inexplicably accuses Yahoo! counsel of failing to cite Illinois and New Hampshire law completely irrelevant to a Wisconsin state law claim. Doc. 24 at 17, citing *Villalovos v. Sundance Associates, Inc.*, 2003 WL 115243 (N.D. Ill. 2003) and *Doe*, 540 F. Supp. 288. As Plaintiff's counsel should know, interpretations of the scope of right of publicity claims in other states have no bearing on the scope of the right of publicity in Wisconsin, and in fact, the Illinois statute Plaintiff cites in her response brief contains a provision completely absent from the Wisconsin statute extending the right of publicity to individual's with no established commercial value in their name. *See* 765 ILCS 1075/5 (individual has rights under statute "regardless of whether the identity of that individual has been used for a commercial purpose during the individual's lifetime"); *compare Hirsch v.*

---

[13] The only party playing fast and loose with the Lanham Act's plain language is Plaintiff, who reads out the words "his or her" in her response to Yahoo!'s motion when she claims, as she does in requesting sanctions, that "[u]nder Section 43(a) of the Lanham Act, all that is required is a false or misleading representation of fact likely to cause consumer confusion as to the origin, sponsorship, or approval of goods or services." Doc. 23 at 21 (internal citations omitted).

*S.C. Johnson & Son, Inc.*, 90 Wis. 2d 379, 383 (1979) (right of publicity "protects primarily the property rights in the publicity value of aspects of a person's identity"), *id.* at 397 (plaintiff establishes prima facie case when he provides "evidence from which a jury could conclude that [his] name indeed had commercial value").

## CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that this Court deny Plaintiff's Motion for Sanctions Against Defense Counsel Christian S. Genetski and David Tonisson, and, pursuant to Fed. R. Civ. P. 11, require Plaintiff's counsel to pay costs and fees associated with this response to Plaintiff's meritless and procedurally barred motion.


Dated: June 12, 2009         Respectfully submitted,


                             By:   /s/ David Tonisson
                                   Attorney for Defendants Yahoo! Inc. and
                                   Overture Services, Inc.

Christian S. Genetski
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street NW, Suite 600, East Tower
Washington, DC 20005
202.408.6400
202.408.6399 (Facsimile)
Email: cgenetski@sonnenschein.com

David Tonisson
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
312.876.8000
312.876.7934 (Facsimile)
Email: dtonisson@sonnenschein.com