UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BEVERLY STAYART,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )          Case No. 09-C-0116
                                          )
YAHOO!, INC., OVERTURE SERVICES,  )
INC., d/b/a ALTA VISTA and VARIOUS,   )
INC., d/b/a FRIENDFINDER.COM,         )
                                          )
                    Defendants.           )

DOCKETING STATEMENT

        Beverly Stayart, plaintiff-appellant in the above-named case, hereby files this Docketing

Statement, in compliance with Seventh Circuit Rule 3(c):

        1.      The district court exercised federal question jurisdiction under 28 U.S.C. Sec.

1331.  The specific federal statutes conferring jurisdiction were Sections 39(a) and 43(a) of the

Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. Secs. 1121(a) and 1125(a).  The

district court also exercised jurisdiction over certain state law claims, arising under Wisconsin

law, under the doctrine of supplemental jurisdiction, pursuant to 28 U.S.C. Sec. 1367(a).

        2.      The Seventh Circuit has jurisdiction over appeals from final decisions of a district

court under 28 U.S.C. Sec. 1291.  The final order and decision being appealed was docketed on

August 31, 2009.  The notice of appeal was filed on September 24, 2009.

        3.      There are no remaining portions of this case pending before the district court.  No

portions of this case has been before the Seventh Circuit previously.  This is not a cross appeal.

4. Plaintiff-appellant Beverly Stayart ("Stayart"), in her appeal against defendant-appellees Yahoo!, Inc., Overture Services, Inc. and Various, Inc., proposes to raise the following issues:

(a) Did the district court err, as a matter of law, in concluding that Stayart lacked standing to pursue claims for false association/affiliation under the Lanham Act?

(b) Did the district court err, as a matter of law, in concluding that there was <u>zero</u> likelihood of confusion under the Lanham Act as to Stayart's association/affiliation with internet pornography, an internet pharmacy or an internet dating service?

(c) Did the district court err, as a matter of law, in concluding that internet search engines were entitled to statutory immunity for claims of false association/affiliation under the Lanham Act?

(d) Did the district err, as a matter of law, in refusing to credit Stayart's factual allegations in deciding motions to dismiss a complaint for failure to state a claim?

(e) Did the district court err, as a matter of law, in concluding that the <u>only</u> persons who would search on the internet for information about Stayart were persons who knew her?

(f)     Did the district court abuse its discretion in failing to retain Stayart's

state law claims for invasion of privacy because of diversity jurisdiction?

/s/ Gregory A. Stayart

N5577 Cobblestone Road
Elkhorn, Wisconsin  53121-3820
(262) 745-7395
Attorney for Plaintiff –Appellant

CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2009, I electronically filed with the clerk of the

Court the accompanying plaintiff Beverly Stayart's Docketing Statement using the ECF System

which will send notification of such filing to registered counsel:

> John F. Hovel
> jfh@kravit.com
>
> David Tonisson
> dtonisson@sonnenschein.com

/s/ Gregory A. Stayart